UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-04767-RGK-AFM | JS-6 | Date | May 10, 2019 |
|---|---|---|---|---|

| Title | *DOUGLAS v. EMPLOYMENT DEVELOPMENT DEPARTMENT OF THE STATE OF CALIFORNIA ET AL.* |
|---|---|

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Sua Sponte Granting Defendant Department of Labor Judgment on the Pleadings

On May 30, 2018, Plaintiff Slade Douglas ("Plaintiff") filed a Complaint against the Employment Development Department of the State of California ("EDD") and the Department of Labor ("DOL") (collectively "Defendants"). Plaintiff asserts the following claims: (1) violation of Title I of the Americans with Disabilities Act ("ADA"); (2) violation of Title II of the ADA; (3) violation of California Disabled Persons Act ("CDPA"); (4) violation of the California Unruh Civil Rights Act ("Unruh Act"); and (5) violation of § 504 of the Rehabilitation Act of 1973.

On April 30, 2019, the Court granted the EDD's motion for judgment on the pleadings. Because the Complaint alleges the same claims against the DOL, the Court ordered Plaintiff to show cause as to why the DOL should not also be dismissed from the case. Plaintiff did not file a response.

"A district court may sua sponte . . . grant[ ] judgment on the pleadings." *Lyman v. Loan Correspondents, Inc.*, No. 8:06-cv-01174-CJC-AN, 2009 WL 3757398, at *1 (C.D. Cal. Nov. 6, 2009) (citing *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556, 559 (3d Cir. 1980) ("[F]or a court to grant judgment of the pleadings, sua sponte, is not error. The district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action.")) Before a court can do so however, the court must provide the plaintiff with (1) notice of its intent to sua sponte dismiss the action and (2) an opportunity to respond. *See Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981); *Lyman*, 2009 WL 3757398, at *1.

In ruling on a Rule 12(c) motion for judgment on the pleadings, courts must assume the allegations in the complaint are true and construe the complaint in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A motion for judgment on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). Dismissal "is appropriate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-04767-RGK-AFM | Date | |
|---|---|---|---|
| Title | *DOUGLAS v. EMPLOYMENT DEVELOPMENT DEPARTMENT OF THE STATE OF CALIFORNIA ET AL.* | | |

only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Here, the crux of Plaintiff's allegations is against the EDD. Plaintiff alleges that the DOL is also liable because

> the EDD was in communication with the DOL regarding Plaintiff and was provided direction which contributed to the worsening treatment of Plaintiff by the EDD staff. Ultimately the DOL instructed the EDD to cease any further interactions with Plaintiff, thus further hindering his ability to receive career help and find gainful employment.

(Compl. ¶ 17, ECF No. 1.) The Court previously found that the EDD made viable challenges to Plaintiff's claims, which Plaintiff did not oppose. (Order Re: Mot. J. on the Pleadings 3–4, ECF No. 41.) Plaintiff similarly failed to respond to the Court's order to show cause. The Court therefore deems Plaintiff's lack of response as consent to the Court granting judgment on the pleadings as to the DOL.

Accordingly, the Court sua sponte **GRANTS** judgment on the pleadings as to the DOL. Plaintiff's claims are hereby **DISMISSED**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | **SLW** |